1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FROY DIAZ BRITO,                            No.  2:25-cv-1229 DC AC PS

12                  Plaintiff,

13        v.                                     ORDER and

14   NATO and DOD and DOJ,                       FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

20   § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

21                                        **I.  Screening**

22        A.       Standards

23        The federal IFP statute requires federal courts to dismiss a case if the action is legally

24   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

26   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

27   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

28   (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

                                                 1

1    baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

2    (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

3    Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

4    1037 (2011).

5         The court applies the same rules of construction in determining whether the complaint

6    states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

7    must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

8    construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

9    less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

10   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

11   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

12   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

13   to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

14   556 U.S. 662, 678 (2009).

15        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

16   state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

17   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

19   678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

20   to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

21   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

22   Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

23        B.  The Complaint

24        Plaintiff brings suit against the U.S. Marshals, the CIA, the Secret Service of California,

25   Baptist University, FEMA, and TSA.[1]  ECF No. 1 at 2-3.  The factual basis for the complaint

26   reads in full:

27

28   [1] The defendants named in the body of the complaint differ from those named in the caption of
     the complaint, which are "NATO and DOD and DOJ."  ECF No. 1 at 1.

2

1
2
3
4

> All Southern Sections of CA (OC, Riverside, San Bernadino) Sacramento & San Joaquin & Stanislaus County in 2025 between/within the month of April 2025 such case was made National in which I was trafficked to the white house with the interpretation for or pertaining rewardship but instead I was pushed back to California.

5    Id. at 5.  Plaintiff alleges violations of "13th Amendment, Chapter 77" and 18 U.S.C. 77, which

6    pertains to slavery and human trafficking.  He seeks damages including travel reimbursement and

7    compensation for pain and suffering.  Id. at 6.

8        C.  Analysis

9        This complaint must be dismissed, for several reasons.  First, the complaint does not

10    contain facts supporting any cognizable legal claim against any defendant.  Plaintiff does not

11    identify how any of the defendants are connected to any alleged trafficking to or from the white

12    house.  Second, the court finds that the complaint consists entirely of fanciful and delusional

13    allegations.  The facts are insufficient to state any legal claim.  Accordingly, it is apparent that

14    this case must be dismissed.[2]

15        **II.  Leave to Amend is Not Appropriate**

16        Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted

17    liberal leave to amend.  "Valid reasons for denying leave to amend include undue delay, bad faith,

18    prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

19    1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that

20    leave to amend would be futile and should therefore not be granted.

21        **III.  Pro Se Plaintiff's Summary**

22        The Magistrate Judge is recommending that your case be dismissed because you do not

23    state a clear legal claim against any defendant.  You may object to this recommendation within 21

24    days, if you wish to do so.

25
26
27
28

---

[2]  This case is one of four lawsuits in this district that plaintiff filed on the same day, April 29, 2025.  See Brito v. Corona Police Department, 2:25-cv-1230-DJC-CSK; Brito v. Congress, 2:25-cv-1231-DJC-CSK; and Brito v. TSA, 2:25-cv-1232-DAD-JDP.  In one of these similar cases, Brito v. TSA, 25-cv-1232-DAD-JDP, Findings and Recommendations to dismiss the case as frivolous are pending.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.  Conclusion

Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED. It is further RECOMMENDED that the complaint (ECF No. 1) be DISMISSED because it fails to state a claim upon which relief can be granted, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 25, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4